Common Pleas Court of Licking County.

ROSA BAUGHMAN V. JULIA A. BOUNDS.

Decided August 16, 1932.

*L. C. Russell* and *James M. Schaller*, for plaintiff in error.

*Fitzgibbon, Black & Fitzgibbon*, for defendant in error.

Moore, J.

This case is submitted to the court on a petition in error from the Court of Hon. J. W. Feiock, a justice of the peace, for Union Township, Licking County, Ohio. The case is one in forcible entry and detainer. The same was tried to a jury in the court of said justice and a verdict of guilty was rendered against Rosa Baughman, the plaintiff in error, herein.

The action of forcible entry and detainer in the court of a justice of the peace is strictly regulated by statute and it follows that in bringing this suit the plaintiff must come within the provisions of the statute. This court would not reverse the judgment in this case upon the weight of the evidence nor for any technical matter in the introduction or exclusion of evidence.

The jurisdiction of a justice of the peace in forcible entry and detainer is conferred and defined by Section 10449 of the General Code of the State of Ohio which reads as follows:

"Proceedings under this chapter may be had against tenants holding over their terms; against tenants in possession under an oral tenancy, who are in default in the payment of rent as hereinafter provided; in sales of real estate, on executions, orders, or other judicial process, when the judgment debtor was in possession at the time of the rendition of the judgment or decree, by virtue of which such sale was made; in sales by executors, administrators, guardians, and on partition, when any of the parties to the petition were in possession at the commencement of the suit, after such sales so made on execution or otherwise, have been examined by the proper court, and adjudged legal. Also when the defendant is an occupier of lands or tenements, without color of title, and to which the complainant has the right of possession, or any other case of their unlawful detention.

If a tenant holding under an oral tenancy is in default in the payment of rent, he shall forfeit his right of occupancy and the landlord may at his option, terminate the tenancy by notifying the tenant, as provided in Section 10451 G. C., to leave the premises, for the restitution of which an action may then be brought under this chapter."

An examination of the language of this section of the statute discloses the only jurisdiction conferred upon a justice of the peace before the end of the term, is against

tenants in possession under an oral tenancy. The record in this case and the lease introduced in evidence shows that this tenancy is not an oral tenancy, but that it is a lease for thirteen years in writing duly executed before a notary public and filed for record and recorded in the office of the Recorder of Licking County, Ohio.

It follows that a justice of the peace has no jurisdiction conferred upon him by the statute to hear a case in forcible entry and detainer, where there is a lease duly executed and recorded. A lease of this nature conveys a part of the real estate to the tenant, and the justice has no more jurisdiction to hear the same than he has jurisdiction to set aside a deed or a suit wherein there has been a sale on a contract in writing. , It is a well recognized fact that as to contracts of this kind there is no jurisdiction in forcible entry and detainer before the justice of the peace, but the contract must first be cancelled in the Court of Common Pleas. In a lease of this nature before a justice of the peace has any jurisdiction in forcible entry and detainer, in the judgment of the court, a suit in forfeiture would have to be brought in the Common Pleas Court and a forfeiture declared and the justice of the peace could then assume jurisdiction, but not otherwise.

Upon the sole proposition that the justice of the peace has no jurisdiction in this case, and that the judgment obtained in the court of the Justice is a mere nullity, this court is obliged to reverse the judgment in this case.

It is true that no complaint is made against the jurisdiction in the petition in error and no objection was made to the jurisdiction in the trial before the justice of the peace, and while in some cases jurisdiction is conferred upon the person by consent and by failure to object to the same, yet, this is not true, the court thinks in this case and there can be no waiver of the jurisdiction of the subject matter. For instance, if the suit had been brought in the court of a justice of the peace to set aside a deed or for divorce, or a suit involving titles, and many other matters, and no objection had been made to the jurisdiction, it would not follow that it was possible to waive and consent to such jurisdiction, because the justice has no jurisdiction of the subject matter.